UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANTE GOWENS,

       Plaintiff,

v.                                                Case No. 10-10518
                                                  Honorable Denise Page Hood

Sgt. ROOSEVELT TIDWELL, THE
CITY OF DETROIT, lt. REGINA
ALLEN, Cmr. BRIAN ASTERE, Sgt.
PAMELA BOLDIN, Sgt. ERIC BUCY,
Chief ELLA BULLY-CUMMINGS,
Sgt. MARK CAMPEAU, Sgt. DURELLE
COOPER, Sgt. KIMBERLY GABRIEL,
Sgt. STEVIE HAYES, Ofr. JAMAL
HAMWOOD, Sgt. HELEN HUNTER,
Cmr. HERBERT MOORLANT, Deputy
Chief JOYCE MOTLEY, Sgt. NAPOLEAN,
Lt. GASPER ROSSI, Sgt. MICHAEL
SCHMIT, Cmr. SERDA, Cmr. BRIAN R.
STAIR, Inv. SHEILA STALLINGS,
Sgt. LAURA STANTON, Lt. PASTELLA
WILLIAMS,
Joint and Severally,

                    Defendants.

                                                                  /

## **ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

### I.    INTRODUCTION

       This matter is before the Court on Defendants' Motion for Reconsideration or Rehearing of the Court's Order granting in part and denying in part Defendants' Motion for Summary Judgment [**Docket No. 64, filed February 21, 2012**]. For the reasons stated below, the Court will deny the motion for reconsideration.

### II.    STANDARD OF REVIEW

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. L.R. 7.1(h)(1). No response to the motion or oral argument shall be allowed unless the court orders otherwise. E.D. Mich. L.R. 7.1(h)(2). Pursuant to Rule 7.1(h)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reason of implication." E.D. Mich. L.R. 7.1(h)(3). In a motion for reconsideration, the movant must demonstrate that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997). The movant must also show a palpable defect which, if corrected, would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *Sault Ste. Marie v. Engler*, 146 F3d. 367, 674 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) " are aimed at *re* consideration not initial consideration")(citing *FDIC v. World Universal Inc.*, 978 F.2d 10, 16 (1st Cir. 1992).

III.   ANALYSIS

    **A.  Count II – Liability under 42 U.S.C. § 1983**

As it relates to the failure to train claim (Count II), Defendant (City of Detroit) contends that the motion for reconsideration is meritorious because there was a "palpable defect" in the Court's decision. The City of Detroit argues that the Court should dismiss Count II of Plaintiff's claim because Plaintiff failed to provide evidence to substantiate her claim. The City of Detroit fails to provide any defect to the Court. The arguments raised by the Defendant in this motion for reconsideration were previously raised, either explicitly or by reasonable implication. The Court

will not consider arguments "which merely present the same issues ruled upon by the Court." E.D. Mich. L.R. 7.1(3).

To rebut Plaintiff's assertion that the Defendant took no action, the Defendant provides that Tidwell resigned during the pendency of a criminal trial. However, Defendant's argument does not demonstrate a palpable error. Even if Tidwell resigned, Defendant did not take any action in connection with Plaintiff's case. The Court still finds that a question of fact regarding the adequacy or inadequacy of police training exists, which is properly reserved for jury determination. *Smith v. Yono*, 613 F.Supp. 50, 55 (E.D. Mich. 1985).

### B.  Count V – Sexual Harassment

As it relates to the sexual harassment claim (Count V), the Defendants[1] claim Plaintiff is collaterally estopped from asserting her sexual harassment claim (Count V), because the City of Detroit was removed as a defendant from Plaintiff's state court claim for sexual harassment under the Elliott Larsen Civil Rights Act. Pursuant to Local Rule 7.1(h) motions for reconsideration "are aimed at *re* consideration, not initial consideration." *World Universal Inc.*, 978 F.2d at 16; E.D. Mich. L.R. 7.1(h). "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Owner–Operator Independent Drivers Assoc. v. Arctic Express, Inc.,* 288 F.Supp.2d 895, 900 (S.D. Ohio 2003) (internal quotation marks and citations omitted). Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence. *See Tolbert v. Potter*, 206 Fed. App'x 416, 417-18 (6th Cir. 2006) ("We also note that the district court did not abuse its discretion in refusing to grant Plaintiff's motion for reconsideration because the evidence Plaintiff wanted the district

---

[1] The Defendants named in Count V are: Cmr. Brian Astere, Sgt. Kimberly Gabriel, Sgt. Helen Hunter, Cmr. Brian R. Stair , Inv. Sheila Stallings, and the City of Detroit.

court to consider was available at the time the summary judgment motion was decided, and would not have affected the outcome even if considered"). Notwithstanding Defendants' complete failure to cite any support for their collateral estoppel theory, their argument fails for two reasons. Defendants belatedly present the state court's order, which removed the City of Detroit as a defendant, as evidence to support their collateral estoppel theory. However, the evidence the Defendants urge the Court to consider was available at the time the motion for summary judgment was decided. This Court's Order granting in part and denying in part Defendants' motion for summary judgment (Docket No. 62) was decided and issued on February 07, 2012.  The Defendants want the Court to now consider evidence that was available October 12, 2011. Furthermore, the state court action was brought under the Elliott Larsen Civil Rights Act and arose out of defendant Tidwell's actions; whereas in this case, the sexual harassment claim (Count V), arose out of actions taken by the Internal Affairs department. The Court finds that Defendants' evidence does not rise to the level of showing a "palpable defect".

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** that the Defendants' Motion for Reconsideration or Rehearing **[Doc. No. 64, filed February 21, 2012]** is **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 27, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

4